UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

NORBEY MORALES, : 09-CV-909 (ARR)

                    Petitioner, : NOT FOR PRINT OR
: ELECTRONIC
-against- : PUBLICATION
:
SUPERINTENDENT CAROL WOUGHTER, : OPINION AND ORDER
:
                    Respondent. :
X
------------------------------------------------------------------

ROSS, United States District Judge:

In a timely filed petition, Norbey Morales, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Morales seeks to challenge his March 10, 2006 sentence of seven to twenty-one years imprisonment for third-degree criminal possession of a controlled substance. He contends that his incarceration is unlawful because the trial court erred when it failed to suppress physical drug evidence recovered from his car, which he contends was the fruit of an illegal eavesdropping warrant. For the reasons stated below, the petition is denied.

## BACKGROUND

A.    Facts

Morales was arrested on October 13, 2004, following a consensual search of the trunk of his car, revealing at least fifty bricks of cocaine weighing more than one hundred sixty pounds. On that day, Detective Stanley Carter had Morales under surveillance based upon information gathered pursuant to an eavesdropping warrant. Detective Carter watched Morales speak with a man who got into the passenger seat of Morales' black Maxima, and followed Morales as he

1

drove to 83rd Street and Roosevelt Avenue in Jackson Heights, Queens, and exited the vehicle. Detective Carter later watched Morales get into the passenger side of a green pick-up truck. He observed Morales and the truck driver exit the pick-up truck and open the trunk of the black Maxima. Detective Carter noticed a cardboard box in the trunk. Detective Carter followed Morales when he drove away in the Maxima and pulled him over when he drove through a red light. Morales could not produce his driver's license and a routine check of his name and birth date revealed he did not have a driver's license. After informing Detective Carter that there was nothing illegal in his trunk, Morales consented to the search of his trunk, which revealed at least fifty bricks of cocaine in the cardboard box.

B.  Procedural History

1.  Trial Court Proceedings

Morales was indicted for criminal possession of a controlled substance in the first degree, unlawfully operating a motor vehicle on a public highway, and failure to obey a traffic control signal. Following his indictment, as part of an omnibus motion, Morales moved to suppress the physical evidence and written statement he gave to the police following his arrest, claiming that the police lacked probable cause for the search. He also moved to controvert the eavesdropping warrant for failure to adequately describe the progress, or lack of progress, made with ordinary investigative techniques and failure to detail the reasons why the warrant was required. The portion of the motion seeking to controvert the eavesdropping warrant was denied. Following a hearing in New York Supreme Court, Queens County, Judge Joseph A. Grosso ruled that the judge who issued the eavesdropping warrant had properly found probable cause to issue the warrant; that Detective Carter had probable cause, or at the very least, reasonable suspicion to

believe that Morales was involved in criminal activity; that once Morales ran the red traffic light, could not produce a driver's license, and told the detective there was nothing illegal in his trunk, which contradicted the detective's observations, the police had probable cause to arrest Morales; and the evidence recovered from the trunk was seized lawfully.

On February 23, 2006, Morales pled guilty to third-degree criminal possession of a controlled substance, in violation of N.Y. Penal Law § 220.16. During the plea colloquy, when asked by the judge whether anyone forced him to plead guilty, Morales answered "No." (Plea Hrg. Tr. at 4.) Morales also acknowledged that he had enough time to discuss the proceedings with his attorney and understood that by pleading guilty he was waiving his right to a jury trial. (Plea Hrg. Tr. at 4.) During the hearing, Morales signed a waiver of right to appeal form, specifically acknowledging that his waiver of appeal includes "any constitutional search and seizure issues." (Resp't App. Ex. D; Plea Hrg. Tr. at 4.) The judge then explained, on the record, that as a condition of Morales' negotiated plea agreement, he had waived his right to appeal, and made sure that Morales understood the consequences of this action. (Plea Hrg. Tr. at 5.) The following was stated on the record:

> THE COURT: You have also signed a waiver of right to appeal. This case is now over with; same as if you were convicted after trial. You will be back here one more time. You will be sentenced, and that is the end of the case. Once you are sentenced, you cannot appeal. You cannot challenge any rulings made in the case up to this point. You cannot get this plea back and say you were confused; you didn't commit the crime; the lawyer didn't show you the paperwork; you were threatened with what would happen if you went to trial; you were under pressure; you were on medication, and your mind wasn't clear or any other reason. You cannot get this plea back. This case is now over with,

>               and once you are sentenced, you cannot appeal. Do you
>               understand that?
>
> The DEFENDANT:    Yes.

(Plea Hrg. Tr. at 5.) On March 10, 2006, Morales was sentenced to seven to twenty-one years imprisonment.

2.  Morales' Appeals

Morales filed an appeal with the Appellate Division, Second Department. Morales argued that the trial court should have suppressed the drugs recovered from his car as the poisoned fruit of the illegal eavesdropping warrant issued in his case. (Resp't App. Ex. E at 2, 13.) Morales also claimed that his waiver of his right to appeal was not knowing and voluntary and was therefore invalid. (Resp't App. Ex. E at 14.) Morales argued that the state court's brief discussion of the appeal rights waiver misleadingly conflated the concept of waiver and the effect of pleading guilty and therefore he might have understood the loss of his appeal rights as an automatic result of pleading guilty rather than flowing from his signed waiver. (Resp't App. Ex. E at 14.)

On July 22, 2008, the Appellate Division unanimously affirmed Morales' conviction. People v. Morales, 680 N.Y.S.2d 750 (2d Dep't 2008). The court did not review the substance of Morales' appeal. See id. The court held that: "the record establishes that the defendant's written and oral waivers of his right to appeal were intelligently, knowingly, and voluntarily made. Id. at 750 (internal citations omitted). The court further held that "[t]he defendant's valid and comprehensive waiver of his right to appeal forecloses appellate review of the denial of those branches of his omnibus motion which were to controvert an extended and amended

4

eavesdropping warrant and to suppress physical evidence and his statement to law enforcement officers." Id. (internal citations omitted).

On September 30, 2008, the New York Court of Appeals denied Morales' application for leave to appeal. People v. Morales, 11 N.Y.3d 791 (2008).

3. Habeas Petition

On March 2, 2009, Morales petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Morales makes the same arguments that he made to the Second Department.

**DISCUSSION**

The Second Department denied Morales' appeal on adequate and independent state grounds. Accordingly, as further addressed below, federal habeas review is not appropriate in this case.

A. Applicable Law

Federal habeas review is generally prohibited if a state court judgment "rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 729 (1991). A defendant whose claim is rejected on appeal in state court for failure to comply with a state procedural rule may be precluded from raising that claim in a federal habeas corpus petition. See id. at 729-30; Garcia v. Lewis, 188 F.3d 71, 79 (2d Cir. 1999). These procedural default rules thus hold that even when a petitioner presents a colorable federal constitutional claim, federal habeas review is barred if the claim was denied by a state court on a state procedural ground that is both "'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." Harris v. Reed, 489 U.S. 255, 260-61 (1989); see Coleman, 501 U.S. at 729-30.

5

For a state law ground to be "independent and adequate," the state appellate court "must actually have relied on the procedural bar as an independent basis for its disposition of the case." Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 809 (2d Cir. 2000) (citing Harris, 489 U.S. at 261-62). The state procedural rule relied upon must not be "interwoven with" federal law, Coleman, 501 U.S. at 733 (quoting Michigan v. Long, 436 U.S. 1032, 1040-41 (1983)), and must be "firmly established and regularly followed" by the state. Garcia, 188 F.3d at 77 (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)).

Even where a state court judgement rests on an adequate and independent state ground, however, habeas review of the defaulted claim is not barred where a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. 750. Cause exists if "the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 479 (1986); see also McCleskey v. Zant, 499 U.S. 467, 493 (1991). Examples of "cause" include interference by outside officials or the unavailability of a defense due to its constitutional novelty. Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (citations omitted). The "prejudice" requirement is met by a showing of "actual prejudice resulting from the errors of which [petitioner] complains." United States v. Frady, 456 U.S. 152, 168 (1982) (internal quotations omitted). The error must have resulted in "substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions." Murray, 477 U.S. at 494 (citations omitted). A "miscarriage of justice" can be shown only where a petitioner can supplement his alleged constitutional violation with a "'colorable showing of factual

innocence." McCleskey, 499 U.S. at 495. This requires a showing of actual innocence, and not merely legal insufficiency. Dixon v. Miller, 293 F.3d 74, 81 (2d Cir. 2002).

B. Application

Morales' petition does not warrant federal habeas review. The District Attorney, in its brief to the Appellate Division, argued that Morales validly waived his right to appeal his sentence. (Resp't App. Ex. F at 12.) The Appellate Division agreed, explicitly holding that "the record establishes that the defendant's written and oral waivers of his right to appeal were intelligently, knowingly, and voluntarily made" and Morales' valid waiver of his right to appeal forecloses appellate review of his claim. Morales, 680 N.Y.S.2d at 750 (internal citations omitted) Waiver of a right to appeal is an adequate and independent state ground for the Appellate Division's denial of Morales' claim. See Acosta v. Giambruno, 326 F. Supp. 2d 513, 522 (S.D.N.Y. 2004) ("[T]he Court finds that his affirmative waiver of his right to appeal also provides further independent and adequate state grounds to deny habeas relief."); Riley v. Goord, No. 02-CV-5884, 2003 WL 22966278, at *6 (S.D.N.Y. Dec. 16, 2003) ("New York law allows defendants to waive their right to appeal as part of a plea agreement as long as the waiver is made voluntarily and is 'knowing and intelligent.' The Appellate Division's denial of [the Petitioner's] claim was based on established New York practice . . . Thus, adequate and independent state grounds exist to preclude review of his claims by this Court."); People v. Seaberg, 543 N.Y.S.2d 968, 970-72 (1989); see also McClane v. Superintendent of the Corr. Facility, No. 05-CV-5833, 2007 WL 295599, at *3 (E.D.N.Y. Jan. 24, 2007).

Morales is thus not entitled to federal habeas review unless he demonstrates that: (1) cause for and prejudice from the default, or (2) failure to consider the claim will result in a

fundamental miscarriage of justice. Morales has not shown either. First, Morales shows no external cause or prejudice to warrant setting aside his waiver. Morales waived his right to appeal as part of his guilty plea. The record makes clear that Morales' plea was knowing and voluntary, as was the waiver. (Plea Hrg. Tr. at 4-6.) Also, Morales' petition does not even suggest actual innocence, which is necessary to show a fundamental miscarriage of justice. Thus, Morales is not entitled to habeas review.

In any event, a Fourth Amendment issue such as petitioner's is generally precluded from federal habeas review by the Supreme Court's holding in Stone v. Powell, 428 U.S. 465, 481-82 (1976) (holding that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial"). The Second Circuit has explained that, under Powell, "review of fourth amendment claims in habeas petitions would be undertaken in only one of two instances: (a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992). Courts have viewed such a breakdown to occur when the state court "failed to conduct a reasoned method of inquiry into relevant questions of fact and law." Capellan, 975 F.2d at 71 (citations and quotations omitted).

It is clear that New York has adequate corrective procedures, which are set forth in New York Criminal Procedure Law § 710.10, et seq., for litigating Fourth Amendment claims. See,

e.g., Capellan, 975 F.2d at 70 n.1 ("[T]he federal courts have approved New York's procedure for litigating Fourth Amendment claims . . . as being facially adequate.") (internal quotation marks and citations omitted). Furthermore, in the instant case, there is absolutely no evidence of an unconscionable breakdown in the underlying process.

## CONCLUSION

For the foregoing reasons, Morales' petition for a writ of habeas corpus is denied. Because petitioner has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision would not be in good faith. The Clerk of the Court is directed to enter judgment accordingly and to close this case.

SO ORDERED.

/S/
Allyne R. Ross
United States District Judge

Dated: June 8, 2010
      Brooklyn, New York

SERVICE LIST:

*Pro Se Petitioner*
Norbey Morales
20-65 18th Street, Apt. 1C
Astoria, NY 11105

*Attorney for Respondent*
Paul M. Tarr, Esq.
Office of the Attorney General
120 Broadway, 22nd Floor
New York, NY 10271